On behalf of the F.R. Mr. Jack C. Slangerland, on behalf of the Attorney General, on behalf of the people of the state of Illinois, Ms. Leah M. Bennett. Good morning, counsel. Mr. Slangerland? Thank you, Ms. Bennett. First of all, thank you for inviting me to address you today further in pursuit of my client's rights under the section of the University of Illinois. Counsel, I'm going to ask you to keep your voice up. I'm not sure counsel can hear in the back. There's also another person in the back. As you can see, we have a very high ceiling. Even though we have microphones, please keep your voice up. It'll sound like you're yelling, but then everybody can hear you. Very good. Thank you. Thank you. Leslie Coan has a right to... I think you need to adjust the microphone and honestly speak louder. Leslie Coan has a right to have the issue of whether he appears to be no longer dangerous decided by a court, not by a jury. That's not because I say so. It's because Section 9e of the Sexually Dangerous Person Act says so. Now, in the Sexually Dangerous Person Recovery Act, as we have here, neither side may elect to have the case heard by a jury. Mr. Coan elected to have the case heard by a jury. So Section 9e of the Sexually Dangerous Person Act, I think, tells us the story from the very first sentence. It provides if the person is found to be no longer dangerous, the court shall order that he or she be discharged. Now, if the person is found, it doesn't say if the court determines or if the jury determines. So it leaves open the possibility that he could be found either by a court or by a jury to be no longer sexually dangerous. But then the next sentence, if the court finds that the person appears to be no longer dangerous, but it is impossible to determine with certainty under conditions of institutional care that the person is fully recovered, the court shall enter an order permitting the person to go at large. So if the jury had been instructed, as you propose, and the jury found that he was still dangerous, would the court then be able to override that and found that he's no longer dangerous, but it's impossible to determine with certainty? I think that's what the statute says, Mr. Justice. Really? So even if a jury decides he's still dangerous, the court can override that? The second sentence, they use the word court three times in the second sentence. No, but it says if the person is found to be no longer dangerous, then the court makes that decision. Can release the person. But, counsel, let's assume that there's some lack of clarity with respect to the meaning of 9e, but isn't really the meaning beside the point here? Because the trial court held a jury instruction conference before the hearing, and then another one after the hearing to confirm what was decided. At that jury instruction conference, when the State proposed 17a, it was the defense who spoke up and said, or called to the court's attention, that the State also had a 17b and said, according to the record, so I would ask that 17b be given. So it was the defense who proposed that 17b be given, and that was invited error, was it not? Judge, it was the State that tendered both of those instructions. The court in Cone 1, I'll call it, the decision from three years ago, dismissed the State's argument at that time that it was invited error merely by saying it can't be, it's not invited error because it's the State that tendered the instruction. Well, tendered and prepared them and tendered them may be two different things. And certainly the State did prepare them, but the record, it seems to me, is very clear that it was the defense who proposed that 17b be given. I mean, just, I don't think that the State should be allowed to tender two alternative instructions and then say, pick one, and when he says, well, I don't want this one, so the other one should be given, I think it's more along the lines of failing to object. He didn't object to 17b. He did object to 17a. I think it's parsing words when you say, well, I ask that this be given. It's the State that tendered it, not the defense. But there was no objection. He did not object. Absolutely. And in fact, as I read the record, it was really the defense who put forward the fact that 17b should be the one that was given. But anyway, go ahead. The defense counsel was faced with the one instruction, which only had two propositions. Either he is or he isn't sexually dangerous. Then he had the opportunity to have a third one, which was more favorable to his client, which left open the option that he would be conditionally released under circumstances. In that situation, counsel chose the more favorable one to his client, which, again, was tended by the State, as any trial court, as any attorney would. This is more of a failure to object. Well, I think, isn't it also beside the point because the jury found that he was still dangerous? So the jury didn't even say, didn't go to the first sentence of 9e, which was finding him no longer dangerous. The jury found just the opposite. Judge, Mr. Cohn was deprived of the right for the trial judge to say, well, wait a minute, I'm not necessarily in agreement with that. I have evidence to the record that this man is 79 years old, he's in the firm, and that Dr. Litton said the actuarial used by the State's psychiatrists really is not appropriate because of age. Go ahead. Mr. Cohn was deprived of the trial judge's opportunity to make that decision, to say, I don't agree with the jury. I'm not 100 percent sure that he's completely recovering, but I can't tell for certain. But what authority do you have that supports your position that the trial court can overrule, so to speak, what the jury found? I'm relying upon plain language of 9e, which says the court shall determine whether the person appears to be no longer dangerous. The word court is used three times in that sentence. The State can't say that, well, when they use court in the first clause, that means the jury, but when the court word, same word is used twice in the same sentence, that really means the judge. I can't have it both ways. Court means the court. You're basically suggesting that the defense gets two bites at the apple. In other words, he can have a bench trial or a jury trial on the initial he is or he is not, and then he gets a second go-around, if you will, asking the court to determine whether, well, obviously it wouldn't override its own bench trial ruling, but in the event there's a jury, that the court could then override what the jury said and have an independent assessment of the evidence. Is that basically what you're suggesting? Well, in the scenario, the jury is not given the option to say we're not certain. Right. But the State, so where does the jury say? But the jury says, yes, he is, no, he isn't. Right. So you're saying when that's completed, then the court, sitting alone, can review the evidence and determine option three. I believe it's at 9e, he says, that the court shall do it. Okay. That's your point. I can't. I don't have an analogy for this procedure. Okay. Fine. You know, I'm not here to suggest what the right procedure is. I'm just suggesting that the procedure that was used here is incorrect. If the jury had found that he was no longer dangerous, could the court have stepped in then and then found that, okay, he's no longer dangerous, but I have an issue with, you know, it being impossible to determine, so on and so forth? The first sentence of 9e, if the person is found to be no longer dangerous, the court shall order that he or she be discharged. I mean, the argument can be made that this dangerousness finding is preliminary, where if the person is still dangerous, they stay in. If they're no longer dangerous, then they're discharged unless the court makes this other finding. And as you're saying, then the jury wouldn't make that determination. The court could step in and say, no, no, I'm not discharging you because I find that there's some you're no longer dangerous, but I can't determine whether it's safe for you to be out in the public. I think if the court were to do that, that would be contrary to the plain language of this first sentence, that the court shall enter an order that he or she be discharged. Well, then I guess I'm not following. How does the second sentence operate, according to you, then? The proposition here is put forth that the jury properly makes the finding that the person appears to be no longer dangerous. Correct. But the words say, if the court finds that the person appears to be no longer dangerous but that it is impossible to determine with certainty under conditions, the court shall enter an order. So that would be only so, I mean, couldn't one interpret that to mean that only if this is a hearing before a court or a bench regarding dangerousness can the court take this extra step? I mean, that could be an interpretation also, right? Not necessarily that the court could overrule the jury. The legislature knows the word jury. They could have written the law saying jury or the court. They use the word jury up in paragraph B when they say that either party can be elected jury. But they didn't say jury. Well, we also know that sometimes the legislature isn't as clear as we in the judiciary would hope they would be, so. They're busy down there sometimes. Did counsel, trial counsel for your client request that 17B be given? Again, Mr. Justice, in the context of the transcript, it certainly looks that way. Step back, take a look at the picture. He's got two alternative instructions, only one of which is going to be given. Well, there's nothing to keep him from submitting his own instructions. He did not. I know he did not, so. But if the point is the same. He could object to both of them. If the point, though, is this is invited error, I think it's more analogous to failure to object. That's what he did here. He didn't object. He said, well, I've got A or B. I've got the one favorable to my client, the one not favorable to my client. I'll go with the one that's favorable to my client. That's more analogous. I know that he didn't say those words, but you get the perspective that he's sitting in the conference. He's got a choice between A and B. He said, all right, if that's my choice, I'll pick B. Well, I mean, it's similar to one of the defendants in Harvey, the Barfield defendant, who was, had this impeachment in front of him. How do I do it? Do I do it with mere fact or not? And chose mere fact, requested mere fact. Yes. And held to invited error. Yes. Which was more than a failure to object. Well, again, in the cold trial opinion from three years ago, this Court addressed the State's argument that saying it was invited error by merely by saying it was the State that tendered the instruction. You can't say that giving an instruction that the State tendered was an error invited by the defense. That's what the Coney first opinion said. Is the Johnson case, as argued by the State, applicable here? I mean, I realize it's guilt of the mentally ill, but on the issue of prejudice? On the issue of prejudice? Right. Well, in the Johnson case, as the State argued and the Court concedes, the instructions made it easier for the jury to find the guilty. It was the wrong instruction that was given. Here, in this case, there was no instruction given about what appears to be no longer called the third option. No instruction was given at all about the no proposition, no definitions were given about what it means to be certain, about recovered, about dangerous. There was no definitions of that at all. The only definitions were given. It was about clear and convincing evidence. So the jury was properly instructed on the burden of proof on dangerousness? No. That it was the State's burden of proof to prove that he was still dangerous by clear and convincing evidence. Clear and convincing evidence. I may be a person, but the phrase is sexually dangerous because I have an argument about the word dangerous versus sexually dangerous. Well, I guess the term is likely to reoffend if put out on the street, but I mean, the jury was properly instructed that it was the State's burden by clear and convincing evidence to prove that fact. That he is sexually dangerous. Yes. And then it gave a definition of clear and convincing evidence. And then in the proposition instruction, it said, it again referenced, if you find from your consideration of all the evidence that each one of these propositions can prove by clear and convincing evidence. So clear and convincing evidence is repeated a lot. Now we go to the third option. Although you cannot tell with certainty, with certainty, what kind of burden of proof is certainty? Where is that? You can't tell with certainty. It's no longer dangerous, but it's impossible to determine. In a possibility standard, does a jury determine what's possible and not possible? No. The highest standard is beyond a reasonable doubt. According to the way this would fall for the State, a jury without instructions would have to make a determination that he appears to be no longer dangerous by what burden of proof does someone have to appear to be no longer dangerous? But it's impossible to determine. Impossible to determine is a standard of proof. This is what the State is asking you how to interpret the statute. These are all jury questions. So you're saying that this could never be given as an instruction, that is, this third part? It could be given. It could never be. A jury could never make that determination, is what you're saying. Is that right? I'm saying that interpretation of the State by the State that the jury should make this determination, which I, again, submit as contrary to the plain language of 9E. But it just wouldn't follow that that's what would happen here, that the jury would consider the possibility and certainty, et cetera. Certainly in this case, in this very case, without definition, without a proposition instruction, they hear all of the instructions. They hear, what a clear and convincing evidence, I mean such and such. If you find that these propositions provide very convincing evidence, et cetera, then all of a sudden, towards the end of the trial, they're hit with a paragraph that appears out of nowhere. If you find that the person appears no longer to be dangerous, then it's impossible to determine with certainty. That's never been referenced in any instruction, no definition before or after as to what that means. Now, so what is the jury going to do? The jury is going to go back. May I continue? Well, I was going to say, the Third District in 2006 did uphold the fact that there was a finding. I'm sorry. The Third District upheld the fact that a jury found the Respondent appeared no longer to be sexually dangerous, but it was impossible to determine with certainty under conditions of institutional care that he was fully recovered. And that was People v. Vercolio. I don't believe the case is helpful with regard to the meaning and the questions we've been talking about today, but the Third District took a different viewpoint than you're proposing today, that this was only the province of the Court to decide. Well, as you indicated, the Vercolio case didn't decide or address the precise issue before the Court, but Sweeney did. Sweeney did not address this issue. Sweeney said it was error for the Court not to give that instruction, not to give the instruction, based upon the fact that there was evidence in the record that the Court should have recognized it. For a jury to make this determination? Interesting, though. When the Court – when this Court sent it back down to the trial court, it indicated that there was a problem with this paragraph also from 20 years ago when saying, well, in the Sweeney case, an instruction was tendered which was verbatim to what? Read out of the paragraph. If you determine that you're no longer dangerous. They said, you know, when you send it back, maybe we shouldn't tell the jury, give the jury the words, the Court shall determine if you're sexually dangerous. It might be confusing to the jury when it says the Court shall determine when you're sexually dangerous, when we already told the jury it's your determination to do it. So the Court, indicted, said let's not – this is too confusing, this whole structure of the Court shall determine when the jury is going to determine it. So it's a foreshadowing. That was 50 years ago. 1989? No, it was 1960. Oh, yeah, yeah. The statute has changed since then. But I'm saying Sweeney. Sweeney was in 1963. Do you have anything else? No, thanks. Okay. Your time is up for now, but you will have time on rebuttal. Thank you very much. Thank you. All right. Ms. Mendick. Thank you, Your Honor, and may it please the Court, counsel. My name is Leah Mendick from the Illinois Attorney General's Office on behalf of the people. This Court should affirm the judgment of the Circuit Court of DeKalb County, which rejected Respondent's application for recovery because none of Respondent's four claims about the jury instructions, the verdict, or the evidence warrant relief. Now, the common thread that runs through all four of the issues that Respondent raises is that Respondent faces a high burden that he must satisfy for reversal to be appropriate. And that is because three of his issues were not preserved below and are forfeited, so that reversal is only appropriate if he can meet his burden under the plain error doctrine. And the fourth issue that is preserved, the verdict claim, is subject to the manifest weight of the evidence standard, which is similarly high and asks whether the opposite conclusion is clearly evident. Now, the first step in any plain error analysis is to ask whether clear or obvious error occurred. And with respect to the three forfeited issues, Respondent has not met that burden. But now I'll talk in some detail about the individual issues, starting with the jury instruction issue about the verdict forms. As Your Honors have alluded to with my opposing counsel's argument, there are two independent faces to reject this claim. And the first is invited error, or second, that he has not met his burden under the plain error doctrine. Under the Harvey case from the Illinois Supreme Court, cases are essentially sorted into two groups, which the key factor is whether Respondent or appellant's counsel below affirmatively participated in the direction that the proceedings  If it's merely ---- Well, do you agree that it was the State that tendered these two instructions, 17a and 17b? That is true. And while my opposing counsel cites the Cohn case from the earlier appeal, in this case, the distinction there is that that, in that context, he merely failed to object. So Respondent's trial counsel, with respect to the jury instructions at issue then, simply said no objection. The transcripts here paint a different picture. Because, yes, although the State had drafted the alternate versions of this one jury instruction, it was Respondent's counsel who affirmatively said, I want this court to give the 17b instruction, and that is because I have asked in the alternative for conditional release, if not discharge. And so, yes, it was an affirmative step by Respondent's counsel to request that, no, he did not want the two-verdict version to be given. He requested that the court give the three-verdict version. It's also noteworthy that in the prior appeal, in this case, Respondent's counsel on appeal claimed that there had been error in the fact that only the two-verdict option had been given. And he claimed before this court in that proceeding that a three-verdict option, including conditional release, should have been given. So in the context of that having been the appeal the first time around, and when it went back down before the trial court, when Respondent's counsel affirmatively said, I want this court to give this version, yes, it was drafted by the State, but that was an affirmative act that brings us within the invited error doctrine. But even if this court doesn't want to apply invited error, it's still true that Respondent has not met his burden to demonstrate that plain error occurred, because it fails at the threshold to show that a clear, obvious error occurred. As this argument has demonstrated, there is a little uncertainty about the proper interpretation of Section 9E. And as both counsels looked in our research and were unable to find a case squarely on point, addressing whether it's a jury question, this conditional release option, and given the fact that people have provided three cases that are consistent with what happened below, most notably the Sweeney case from this All of those cases are consistent with giving the three-verdict option, including conditional release as a jury question. Wouldn't it be error, though, to not instruct the jury on who had the burden of proof and what that burden of proof was on that third issue? Well, taking a step back and thinking about the framework of the SDP Act, the people's burden is to show that Respondent remains an SDP. And it is Respondent who is filing this application for recovery, and he is asking either discharge me because I'm no longer an SDP, or in the alternative, I want conditional release. Those are the two options he is seeking. It would be illogical to regard that framework as imposing a burden on the people to show that he's no longer dangerous, when the primary objection of the people is to show that he is an SDP. Well, if you fail to show he's dangerous by clear and convincing evidence, then he's no longer dangerous, and the burden will sound to people. If you do not meet your burden. Right. In fact, so I agree with Your Honor. In fact, that's the point, that the only burden that's applicable here is the burden on that threshold question. Are you an SDP? Yes or no? Sure. And in light of that, that's the key question that then it becomes a secondary issue. If the people have not met that burden to show that he remains an SDP, that's when the question is considered, so what happens now? Is he discharged, or is he conditionally released? But. And do you agree with counsel then it is only the court's prerogative to determine the issue of conditional release? No, I disagree, Your Honor. I think that it is proper to include it as a third verdict option to the jury, but taking a step back, this Court doesn't in this case need to definitively interpret and answer this question. The only question that this Court needs to decide, if not applying invited error, is whether it was clear and obvious error for the trial court to have presented conditional release as a jury option. And because of this very confusion that we've debated a lot here today, the confusion in the language and the fact that the only case law, even in the neighborhood, is consistent with what did occur below, respondent has not met his burden to show that it was clear or obvious error to give that third verdict option to the jury. Either way then, the claim should be rejected either as invited error or because it is not plain error. And that is as far as this Court needs to go. And then turning back to the burden of proof issue that was also touched upon, as discussed, it would not make sense to view this as imposing a burden of proof on the people, but again taking a step back, this again is a forfeited claim. So all this Court needs to decide is whether it was clear or obvious error the way the jury instructions were given. And again, respondent has provided no case to hold that there should have been a specific instruction defining the burden of proof or what that burden of proof should have been. So either there was no error at all or at the very least, as the Johnson case was provided by analogy, as I understand respondent's argument, if the problem here was that the burden of proof was not specified at all, then that would make it clear to the verdict that conditional release is appropriate. And yet, as Your Honor I think pointed out, the jury rejected that verdict and found that he remained in SDP. So it cannot be said that even if there were some error and not specified in the burden of proof, respondent has not demonstrated that it had an impact on the outcome because if any error occurred, it only made it easier for that verdict to follow, and yet it did not. In other words, any error was merely harmless and could not have been plain error. And unless there are any more questions on the jury instruction issue, I want to touch just very briefly on the verdict question. So this is the only preserved error that respondent has presented, and the question is whether the jury's verdict that respondent remained in SDP was against the manifest weight of the evidence. So again, this is a high standard that respondent has to satisfy because he has to demonstrate that the opposite conclusion was clearly evident. So again, as has been mentioned earlier, it was the people's burden to show by clear and convincing evidence that he remained in SDP. And at the jury trial on this issue, there was the testimony of two experts. There were detailed reports that were also given. And Dr. Clouch's report in his testimony addressed all four of the factors or elements that go into the definition of an SDP. The opposing expert, Dr. Litten, I believe is how it's pronounced, she disagreed. Basically, her disagreement boiled down to two things. She said he is too old and his medical conditions interfere with his potential ability to re-offend. And for that reason, she concluded that he either perhaps no longer suffered from pedophilic disorder or at least was not substantially probable to re-offend. But now this was an issue that was fully aired in front of the jury. Dr. Clouch addressed it in his testimony. He talked about how the specific actuarial instrument that he used already deducted three points from the calculation due to respondent's age. He discussed the specific medical disorders that were identified and the fact that they would not impede at least some of the ways in which he had offended in the past. And so Dr. Clouch explained why he considered it, but ultimately still concluded that he remained an SDP. Dr. Litten had the opportunity to explain her contrary view, and ultimately the jury came to the verdict that he remained an SDP. Under this situation, it is not clearly evident that the opposite conclusion should have followed. And so under this manifest weight of the evidence standard, this Court should affirm the verdict. And I think I'll just stand on my brief about the fourth issue, about the evidentiary question. But unless there are any other questions from this Court, I would just ask that this Court affirm the judgment of the DeKalb County Circuit Court. Thank you. Thank you. Mr. Slingerland. Counsel alluded to the first Cohen – not the first Cohen trial, but the last Cohen trial about four or five years ago. Let me remind the Court that in that case, the State argued that it should not be a jury question. And let me remind the Court that in this very case, they submitted an instruction that it was a jury question and that it wasn't a jury question. It hardly indicates that the State is firm in its position that this is absolutely a jury question. Now, the jury is instructed early on that Mr. Cohen is not required to prove that he's no longer sexually dangerous. They're instructed that the burden is on the State to prove it. But now we come up with this jury question about certainty and impossibility it can't determine. Where – and the State avoids saying – the State almost said there's no burden to prove on that instruction in the argument today. There has to be a burden to prove. The jury has to know what are we deciding and by what standard are we deciding. And they were not given that opportunity in this case. Well, doesn't it have some appeal that the only burden of proof is on the State as the State argues for clear and convincing evidence to prove dangerousness? And then if no longer dangerous, then the State has not met the burden of proof on that. Then it's up to the jury to decide, you know, plan A or plan B. It's not my interpretation of the sentence. When they use the word court three times in the same sentence, the State can't say, well, it means the jury the first time. It says the court shall determine whether he's no longer dangerous. No, no. I'm saying that the jury determines whether he's dangerous or not by clear and convincing evidence. Yes. And if they decide that he is no longer dangerous, then the jury goes on to decide whether there's no real burden of proof involved. They decide based on the evidence do we go down this road or that road. Well, again, I don't mean to repeat myself, but the very first sentence of 9E is mandatory. If he's found to be no longer dangerous, the court shall enter into a discharge period. He's out the door. What do you propose is the burden of proof? I'm just saying it's a very confusing issue. Right. And based on what? Well, I can only say that it's not my job to write legislation for the legislature. You fought the State at trial for presenting these two options because they didn't know which one that they wanted to argue. Right. I see that as basically the State saying, you know what, we're confused, too, about this statute, so we're going to leave it up to the court and give the defendant a say in whether we're going to go with, you know, just 17A or whether the defendant wants 17B. And in this case, the defense attorney said or counsel for your client said, you know, part of my theory is 17B, so I want to go down that road. Right. But it's contrary, I think, to the claimant to the statute. No, but you're faulting the State for presenting these two, basically not deciding which one they want. Right. What's wrong with presenting the court and the defense with the options? I bring that in rebuttal to their argument that's saying, well, you know, last time they were arguing something different. I'm just reminding the court that last time they were arguing something different also in rebuttal. So, you know, I believe counsel also made a reference to the fact that it's not errors to fail to instruct on the burden of proof. And that's not what the Court of Timothy H. said. The Court of Timothy H. said we can hardly call a failure to instruct on a burden of proof harmless error. The jury would be left to figure it out on its own, which is what happened here. And we cannot let a jury decide what filters, the word that this Court used, to filter the evidence through to reach a verdict. And that's what was happening here without any direction on this third verdict. On the issue of the weight of the evidence, I bring up this because of the forfeited argument. I believe that the clear error is not only that they gave it to the jury, but second of all, the clear error is that the instructions were not anywhere near as close as possible. And when it's clear, there's two clear errors here. The first one is obvious in my interpretation of 9a saying when it says the court, it means the court. It doesn't mean the jury. And, again, the second clear error was an obvious error, was that the instructions did not instruct on the burden of proof and had counter-submissions in them to confuse the jury. So on the first problem analysis is the closely balanced evidence. I submit that the jury or the court had before it two experts, both of whom had different opinions, both of whom substantiated their opinions. And I understand that you're not supposed to substitute your judgment for that of the jury, but I'm arguing that it was closely balanced here. It may not have come out in Mr. Cohn's favor, but there were two equally qualified experts, both of whom had different opinions. So the evidence was closely balanced. The error was obvious. Now, the second problem, did it go to the heart of the judicial system? Yes, it did, because Mr. Cohn had a right to have a judge decide this, not a jury, statutory right. It deprived him of his right under the statute to have a judge decide whether he appeared to be close and no longer dangerous. Putting this in the case of a jury is completely contrary to the statute and deprived Mr. Cohn of the statutory right. That goes to the heart of the judicial system, the right to have a judge decide the issue. Okay. Do we have any other questions? No, ma'am. Thank you, counsel. Thank you both for your arguments this morning. The court will take the matter under advisement and vendor decision.